UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORI A. KASOWITZ,

                     Plaintiff,

-against-

MERV BLANK CONSULTING GROUP, INC.
and MERV BLANK,

                     Defendants.

Civil Action No.:
08 CV 3032

**VERIFIED ANSWER**

---

Defendants, MERV BLANK CONSULTING GROUP, INC. and MERV BLANK (hereinafter referred to as "MERV BLANK"), by their attorneys, GOLDBERG SEGALLA LLP, as and for their Answer to plaintiff's Complaint, dated February 4, 2008, respectfully show to this Court and allege upon information and belief:

1. Deny the allegations contained in paragraphs 1, 2 and 3.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

3. Admits the allegations contained in paragraphs 5 and 6.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7 and 8 and respectfully refer all questions of law to the Trial Court.

5. Deny the allegations contained in paragraphs 9, 10, 11, 12 and 13 except admit that a contract was entered into on September 28, 2005 between plaintiff and Merv Blank Consulting Group, Inc.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated 14 and 21.

7. Deny the allegations contained in paragraphs 15, 16, 17, 18, 19, 20 and 22.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST MBCG
### (BREACH OF CONTRACT)

8. In response to paragraph 23, repeat each admission or denial made herein as though fully set forth hereat.

9. Deny the allegations contained in paragraphs 24 and 25.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

11. Deny the allegations contained in paragraphs 27 and 28.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST MBCG
### (BREACH OF EXPRESS AND IMPLIED WARRANTY)

12. In response to paragraph 29, repeats each admission or denial made herein as though fully set forth hereat.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

14. Deny the allegations contained in paragraphs 31, 32 and 33.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS
### (NEGLIGENCE)

15. In response to paragraph 34, repeats each admission or denial made herein as though fully set forth hereat.

16. Deny the allegations contained in paragraphs 35, 36, 37, 38 and 39.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### (COMMON LAW FRAUD)

17. In response to paragraph 40, repeats each admission or denial made herein as though fully set forth hereat.

18. Deny the allegations contained in paragraphs 41, 42, 43, 44, 45 and 46.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. The answering defendants, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if the plaintiff sustained any injuries or damages at the time and place alleged in the complaint, such injuries and/or damages were the result of the culpable conduct of the plaintiff, or the result of the plaintiff's assumption of risk. Should it be found, however, that the answering defendants are liable to the plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the plaintiff, defendants and/or other parties hereto according to the degree of responsibility that each is found to have in occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The answering defendants assert the protections of §15-108 of the General Obligations Law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. In the event that the plaintiff recovers a verdict or judgment against the answering defendants, then said verdict or judgment must be reduced pursuant to CPLR §4545 by those amounts which have been or will with reasonable certainty replace or indemnify the plaintiff and paid from any collateral source.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. CPLR Article 16 applies to any liability of the answering defendants as to the non-economic loss alleged by plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Any award to plaintiff for loss of earnings or impairment of earning ability should be reduced in accordance with CPLR §4546.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. The damages allegedly sustained by the plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom the answering defendants had no control at any time relevant hereto, and in the event the answering defendants are found liable to plaintiff, which liability is expressly denied, the answering defendants will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. The plaintiff could, with due diligence, have obtained personal jurisdiction over tort feasors not parties to this lawsuit, and thus the culpability of these missing or absent tort feasors may be computed in the apportionment of total culpability causing the subject occurrence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. The damages allegedly sustained by plaintiff were not personally caused by the negligence or culpable conduct on the part of the answering defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. Plaintiff's alleged damages were caused and brought about by an intervening or superseding cause and were not caused by the answering defendants or by a person or entity for whom the answering defendants are responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by all applicable statute of limitations and statutes of repose.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the equitable doctrine of "unclean hands."

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the equitable doctrine of waiver.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by the equitable doctrine of laches.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32. Plaintiffs are not entitled to attorney fees.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims in whole or in part seek damages or relief in remedies which are speculative, uncertain or contingent and which have not accrued and/or which are not recoverable.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff failed to mitigate or otherwise act to lessen or reduce its alleged injuries and damages.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims in the Verified Complaint and each and every claim and/or cause of action alleged therein, fail to state a cause of action in law or in equity upon which relief can be granted.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

36. In the event that any breach of obligation, representation, covenant or warranty is proven, plaintiff, its employees or its designees, agents or representatives fail to give proper and prompt notice of any such breaches or breach of warranty to the answering defendants.

WHEREFORE, defendants, MERV BLANK CONSULTING GROUP, INC. and MERV BLANK, demand judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:    White Plains, New York
           April 2, 2008

                                              Yours, etc.,

                                              ANDREA J. SMITH (AJS-3471)
                                              GOLDBERG SEGALLA LLP
                                              Attorneys for Defendants
                                              MERV BLANK CONSULTING GROUP, INC.
                                              and MERV BLANK
                                              170 Hamilton Avenue, Suite 203
                                              White Plains, New York 10601-1717
                                              (914) 798-5400

TO:    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
        Attorneys for Plaintiff
        1633 Broadway
        New York, New York 10019
        (212) 506-1700

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF WESTCHESTER   )

      ANDREA J. SMITH, being duly sworn, deposes and says:

      That she is a member in the firm of attorneys representing the defendants MERV BLANK CONSULTING GROUP, INC. and MERV BLANK.

      That she has read the attached VERIFIED ANSWER and the same is true to her own belief, except as to matters alleged on information and belief, and as to those matters she believes them to be true to the best of her knowledge.

      That deponent's sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

      That this verification is made by deponent because her clients do not reside within the county where deponent maintains her office.

                                              _____
                                              ANDREA J. SMITH (AJS-3471)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Verified Answer was served via first class mail on this 7 day of April, 2008 upon:

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Attorneys for Plaintiff
1633 Broadway
New York, New York 10019

ANDREA J. SMITH (AJS-3471)

106402.1