## Kasowitz, Benson, Torres & Friedman LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MITCHELL R. SCHRAGE
212-506-1960
MSCHRAGE@KASOWITZ.COM

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

May 29, 2008

**VIA FEDERAL EXPRESS**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
Room 533
White Plains, New York 10601



MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re:   *Kasowitz v. Merv Blank Consulting Group, Inc.*, 08-CV-3032 (KMK)

Dear Judge Karas:

    We represent plaintiff Lori A. Kasowitz ("Kasowitz") in the above-referenced matter, and we write to request leave to file an amended complaint to join Carl Lepere ("Lepere") as a defendant in this action, and request that after the Complaint is amended, the Court remand this case to Supreme Court of the State of New York, Westchester County. While we understand Your Honor's Individual Practices require a pre-motion conference before any motion practice, the parties have agreed that Lepere should be joined and defendants Merv Blank Consulting Group and Merv Blank (collectively "Defendants") will not oppose our motion to amend the Complaint. (*See* Stipulation attached as Exhibit 1.) Because Lepere is a citizen of New York, once the Complaint is amended, this Court will no longer possess subject matter jurisdiction based on the diversity of the parties, and we respectfully request that Your Honor sign the Proposed Order attached as Exhibit 2 and remand the case.

    This action arises out of two contracts entered into between Kasowitz and Defendants for the design and installation of heating, ventilation and air-conditioning systems (the "HVAC systems") at Kasowitz's home. Instead of the state-of-the-art HVAC systems that Kasowitz contracted and paid for, Defendants installed inappropriate and defective HVAC systems that never properly functioned. Kasowitz filed the Complaint in New York Supreme Court on February 5, 2008. Defendants were served on February 26, 2008, and filed a Notice of Removal on March 25, 2008. Defendants then filed their Answer on April 7, 2008. Kasowitz received both the Notice of Removal and the Answer on April 8, 2008. Attached as an exhibit to the Notice of Removal was a Certificate of Insurance indicating that Lepere was the policyholder for the work to be performed at the Kasowitz residence. (*See* Certificate of Insurance attached as Exhibit 3.) Prior to receiving this insurance certificate, Kasowitz knew that Lepere had performed work at her home during the installation of the HVAC systems, but she believed that

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Kenneth M. Karas
May 29, 2008
Page 2

Lepere was employed by Defendants. It now appears that Defendants may have entered into a subcontract with Lepere, unbeknownst to Kasowitz. In light of this new information, Kasowitz now seeks to join Lepere as a defendant, which Defendants do not oppose.

If Lepere is joined, subject matter jurisdiction will be destroyed, and Kasowitz requests that the case be remanded to New York Supreme Court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Because Defendants have stipulated that Lepere should be joined, this Court should permit joinder and remand the case. Even if Defendants had not agreed, joinder is appropriate under Federal Rule of Civil Procedure 20, which allows permissive joinder of multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also Reyes v. Nat'l Car Rental Fin. LP*, 99 Civ. 10058, 2000 U.S. Dist. LEXIS 8204, *3-4 (S.D.N.Y. June 13, 2000) (noting that the issue of whether to join new parties after removal pursuant to § 1447(e) should be analyzed under Rule 20).

This case is precisely the situation contemplated by Rule 20. Lepere performed the work contracted for by Kasowitz and Defendants, thus his involvement in this case arises out of the same transaction at issue, and the claims against Lepere and Defendants clearly involve common questions of law and fact. There has been no undue delay by Kasowitz in seeking to amend the Complaint, and Defendants will not be prejudiced in any way, given that they have stipulated that Lepere should be joined. Defendants also have no colorable argument that Kasowitz seeks to join Lepere solely to destroy diversity, especially in light of their affirmative defense that all tort feasors were not joined in this action. *See id.* at *8-10 (analyzing the "principals of fundamental fairness" that the court should examine in determining whether to permit joinder).

Accordingly, we respectfully request that the Court sign the Proposed Order permitting Kasowitz to amend her Complaint and remanding the case to New York Supreme Court. Finally, we request that the Court adjourn the Rule 16 conference scheduled for Tuesday, June 3, 2008, until the Complaint is amended and the remand issue resolved. There have been no previous requests for an adjournment and counsel for Defendants does not oppose the adjournment.

Respectfully submitted,

Mitchell R. Schrage

*[Handwritten: The Court will address the requests made in this letter at the June 3 conference, at which all parties shall appear.]*

SO ORDERED:

KENNETH M. KARAS U.S.D.J.
6/2/08

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Kenneth M. Karas
May 29, 2008
Page 3

cc:   Andrea J. Smith, Esq.
      Goldberg Segalla LLP
      170 Hamilton Avenue
      Suite 203
      White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LORI A. KASOWITZ,

                        Plaintiff,                    08 CV 3032 (KMK)

    -against-

                                              **STIPULATION**

MERV BLANK CONSULTING GROUP, INC.,
and MERV BLANK,

                        Defendants.
------------------------------------------------------------x

       IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned counsel, as follows:

       1.      Carl J. Lepere ("Lepere") shall be joined as an additional defendant in this action through the filing of a supplemental summons and amended complaint.

       2.      Defendants Merv Blank Consulting Group, Inc. and Merv Blank will not oppose Plaintiff Lori A. Kasowitz's motion to amend the complaint to join Lepere as a defendant in this action.

Dated: New York, New York
       May 28, 2008

KASOWITZ, BENSON TORRES                GOLDBERG SEGALLA LLP
& FRIEDMAN LLP
Attorneys for Plaintiffs                             Attorneys for Defendants

By: _____       By: _____
    MITCHELL R. SCHRAGE, ESQ.              ANDREA J. SMITH, ESQ.
1633 Broadway                                     170 Hamilton Avenue, Suite 203
New York, New York 10019                    White Plains, New York 10601-1717
(212) 506-1700                                       (914) 798-5455

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LORI A. KASOWITZ,                          :
                                           :
                       Plaintiff,          :   08 CV 3032 (KMK)
                                           :
        -against-                          :
                                           :
                                           :   PROPOSED ORDER
                                           :
MERV BLANK CONSULTING GROUP, INC.,         :
and MERV BLANK,                            :
                                           :
                       Defendants.         :
------------------------------------------------------------x
```

The parties having been heard on Plaintiff Lori A. Kasowitz's May 29, 2008 letter application to the Court, it is hereby

ORDERED that:

1.  Kasowitz is given leave to file an amended Complaint to join Carl Lepere as a defendant in this action.

2.  After Kasowitz files the amended Complaint, this Court will no longer possess subject matter jurisdiction, and this case shall be remanded to the Supreme Court of the State of New York, Westchester County.

 

 

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF INSURANCE

This certifies that
- ☒ STATE FARM FIRE AND CASUALTY COMPANY, Bloomington, Illinois
- ☐ STATE FARM GENERAL INSURANCE COMPANY, Bloomington, Illinois
- ☐ STATE FARM FIRE AND CASUALTY COMPANY, Scarborough, Ontario
- ☐ STATE FARM FLORIDA INSURANCE COMPANY, Winter Haven, Florida
- ☐ STATE FARM LLOYDS, Dallas, Texas

insures the following policyholder for the coverages indicated below:

| | |
|---|---|
| Name of policyholder | CARL J. LEPERE |
| Address of policyholder | 52 PANORAMA DR. BREWSTER, NY 10509 |
| Location of operations | SAME |
| Description of operations | CONTRACTORS |

The policies listed below have been issued to the policyholder for the policy periods shown. The insurance described in these policies is subject to all the terms exclusions, and conditions of those policies. The limits of liability shown may have been reduced by any paid claims.

| POLICY NUMBER | TYPE OF INSURANCE | POLICY PERIOD Effective Date | POLICY PERIOD Expiration Date | LIMITS OF LIABILITY (at beginning of policy period) | |
|---|---|---|---|---|---|
| 98-EX-3841-6 F | Comprehensive Business Liability | 06/25/05 | 06/25/06 | BODILY INJURY AND PROPERTY DAMAGE | |
| | This insurance includes:<br>☒ Products - Completed Operations<br>☒ Contractual Liability<br>☐ Underground Hazard Coverage<br>☒ Personal Injury<br>☒ Advertising Injury<br>☐ Explosion Hazard Coverage<br>☐ Collapse Hazard Coverage<br>☐<br>☒ MEDICAL EXPENSE   $5,000 | | | Each Occurrence<br>General Aggregate<br>Products – Completed Operations Aggregate | $1,000,000<br>$2,000,000<br>$2,000,000 |
| 98-GQ-5939-0 F | EXCESS LIABILITY<br>☒ Umbrella<br>☐ Other | 04/01/05 | 04/01/06 | BODILY INJURY AND PROPERTY DAMAGE (Combined Single Limit)<br>Each Occurrence<br>Aggregate | $1,000,000<br>$1,000,000 |
| 98-GR-0840-7 F | Workers' Compensation and Employers Liability | 06/25/05 | 06/25/06 | Part 1 STATUTORY<br>Part 2 BODILY INJURY<br>Each Accident<br>Disease Each Employee<br>Disease - Policy Limit | $100,000<br>$100,000<br>$500,000 |
| POLICY NUMBER | TYPE OF INSURANCE | POLICY PERIOD Effective Date | POLICY PERIOD Expiration Date | LIMITS OF LIABILITY (at beginning of policy period) | |
| 98-EM-0003-9 F | DIS BEN LIABILIT | 07/01/04 | 07/01/06 | STATE STATUE | |
| 689 4691-F16-52E | AUTO | 12/12/04 | 12/16/05 | $300,000 | |

**THE CERTIFICATE OF INSURANCE IS NOT A CONTRACT OF INSURANCE AND NEITHER AFFIRMATIVELY NOR NEGATIVELY AMENDS, EXTENDS OR ALTERS THE COVERAGE APPROVED BY ANY POLICY DESCRIBED HEREIN.**

Name and Address of Certificate Holder

AND ADDITIONAL INSURED:

KASOWITZ, LORI & MARC
37 OREGON RD.
BEDFORD, NY 10506

ALSO ADDITIONAL INSURED:

MERV BLANK CONSULTING GROUP
21 FRANKLIN CT
NEWTOWN, CT 06470

558-994 a.3 04-1999 Printed in U.S.A.

If any of the described policies are canceled before its expiration date, State Farm will try to mail a written notice to the certificate holder 30 days before cancellation. If however, we fail to mail such notice, no obligation or liability will be imposed on State Farm or its agents or representatives.

Signature of Authorized Representative
AGENT                          09/27/2005
Title                          Date
Agent's Code Stamp

AFO Code  17P7 SPEAR      52-1717
          WHITE PLAINS    F872
          GOLDEN TRIANGLE